

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,704-01

## EX PARTE DEANOTRA LWAN HOPKINS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. C-213-W012206-1653363-A IN THE 213TH DISTRICT COURT
FROM TARRANT COUNTY

*Per curiam*. **KEEL, J. filed a dissenting opinion in which KELLER, P.J. joined. YEARY and SLAUGHTER, JJ., dissented.**

## O P I N I O N

Applicant pled guilty to engaging in organized criminal activity and was sentenced to eight years' imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel erroneously advised Applicant on his parole eligibility. After an evidentiary hearing, the trial court found that Applicant had failed to prove counsel's advice regarding parole eligibility constituted ineffective assistance of counsel and, therefore, failed to prove his guilty plea was involuntary due to ineffective assistance

of counsel.

We disagree. It is clear from the record that parole eligibility was an important factor in Applicant's decision to plead guilty, and counsel erroneously told him that he would be eligible for parole in eleven months when he was not eligible until he served half his sentence, or four years.

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 1653363D in the 213th District Court of Tarrant County is set aside, and Applicant is remanded to the custody of the Sheriff of Tarrant County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: November 15, 2023
Do not publish